1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

8
9
10

| | | |
|---|---|---|
| **ALFREDO OSUNA VIDRIO,** | ) | **CV F 01-6492 AWI** |
| | ) | **(CR F 98-5368 AWI)** |
| **Petitioner**, | ) | |
| | ) | **ORDER DISMISSING** |
| **v.** | ) | **MOTION TO VACATE** |
| | ) | **JUDGMENT PURSUANT TO** |
| **UNITED STATES OF AMERICA,** | ) | **F.R.C.P. 60(b)** |
| **DISTRICT COURT FOR EASTERN** | ) | |
| **DISTRICT OF CALIFORNIA,** | ) | **(28 U.S.C. § 2255)** |
| | ) | |
| **Respondent.** | ) | |

11
12
13
14
15
16
17

Petitioner Alfredo Osuna Vidrio ("Petitioner") was convicted by plea of guilty to six drug

related counts on February 8, 1999, and was sentenced on June 1, 1999 to a total of 168 months

imprisonment.  Judgment was entered the following day.  On October 28, 2001, Petitioner filed a

motion to vacate, modify or set aside the sentence pursuant to 28 U.S.C., section[1] 2255.  That

motion, and a number of other related motions, were denied on June 12, 2002.  Petitioner

requested a certificate of appealability for a second or successive motion pursuant to section 2255

on August 15, 2002.  That request was denied and Petitioner appealed the denial to the Ninth

Circuit, which denied the certificate of appealability on May 2, 2003.  On December 4, 2004,

Petitioner filed the instant motion to vacate the judgment pursuant to Rule 60(b) of the Federal

---

[1]   References to section numbers hereinafter refer to sections of Title 28 of the United
States Code unless otherwise specified.

1    Rules of Civil Procedure.  For the reasons that follow that motion will be denied.

2         Contrary to Petitioner's claim that his motion pursuant to Rule 60(b) presents an issue of

3    first impression, Ninth Circuit law pertaining to the use of Rule 60(b) as a means of presenting

4    claims that would otherwise state a claim under section 2255 is well settled.  Where "the factual

5    predicate for a Rule 60(b) motion also states a claim for a successive petition under 28 U.S.C. §

6    2244(b), [. . .], the Rule 60(b) motion should be treated as a successive habeas petition."

7    Thompson v. Calderon, 151 F.3d 918, 921 (9th Cir. 1998).  "Congress has established

8    mandatory, jurisdictional procedures a petitioner must follow in appealing from a district court's

9    denial of relief under § 2255. [A petitioner] cannot avoid these jurisdictional limitations by

10   styling his motion under another name."  United States v. Christensen, 119 Fed.Appx. 884, 887

11   (9th Cir. 2004) (denying Rule 60(b) motion where petitioner did not obtain a certificate of

12   appealability).

13        In the instant motion, there is no doubt Petitioner's underlying factual claims state a claim

14   for successive habeas petition pursuant to section 2255.  Basically, Petitioner plainly states his

15   aim is to clear the way for consideration on the merits of his previously dismissed habeas claims;

16   that is, his claims of ineffective assistance of counsel and illegal search and seizure.  Because

17   Petitioner's claims state a claim under section 2255, the court is required to consider Petitioner's

18   Rule 60(b) motion as a successive motion under section 2255.  See Ortiz v. Stewart, 195 F.3d

19   520, 520 (9th Cir. 1999) (ineffective assistance claim raised under Rule 60(b) motion construed

20   as successive section 2255 habeas petition where issue was raised in first habeas petition).

21        Because the court construes Petitioner's motion under Rule 60(b) as a successive habeas

22   petition pursuant to section 2255, Petitioner's ability to raise the substantive underlying claims is

23   delimited by those provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA")

24   that apply to habeas petitions generally and to successive motions under section 2255 in

25   particular.  Section 2244, subdivision (b)(3) provides that a second or successive habeas petition

26   is not allowed unless the appellate court issues an order authorizing the district court to consider

27

28                                                    2

1  the second or successive petition.  A district court must dismiss any second or successive habeas

2  claims where the conditions set forth in section 2244 are not met.  The Ninth Circuit's denial of

3  Petitioner's prior request for certificate of appeal bars any consideration of the Petitioner's

4  motion pursuant to Rule 60(b) in this court.  Through the AEDPA, Congress has established time

5  limits for motions pursuant to section 2255.  This court has determined Petitioner did not meet

6  those time limits and has determined that justification is lacking for equitable tolling.  The

7  appellate court has affirmed that decision.  Petitioner may not circumvent Congressionally

8  established rules by styling what is essentially a second or successive motion pursuant to section

9  2255 as a Rule 60(b) motion.  <u>Christensen</u>, 119 Fed. Appx. at 887.

10

11      THEREFORE, it is hereby ORDERED that Petitioner's motion pursuant to Rule 60(b) is

12  deemed a second or successive motion pursuant to section 2255 and is DENIED for the reasons

13  discussed above.

14

15  IT IS SO ORDERED.

16  **Dated:   December 6, 2005**            _____/s/ Anthony W. Ishii_____
    h2ehf                                                UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28                                      3